# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSCOE P. TINKLE,
                Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
                Agency.

DOCKET NUMBER
DA-0752-14-0377-I-2

DATE: October 17, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joyce E. Kitchens</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Julie Rook Gold</u> and <u>Kevin L. Owen</u>, Esquire, Silver Spring, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The following facts, as further detailed in the initial decision, are not disputed. The appellant held the position of Supervisory Guide at Blanchard Springs Caverns. *Tinkle v. Department of Agriculture*, MSPB Docket No. DA-0752-14-0377-I-1, Initial Appeal File (IAF), Tab 8 at 14; *Tinkle v. Department of Agriculture*, MSPB Docket No. DA-0752-14-0377-I-2, Appeal File, Tab 6, Initial Decision (ID) at 2.[2] Among other things, the position included safety-sensitive duties, such as driving a passenger bus and responding to injuries incurred by visitors to the caves. ID at 2. In January 2013, he was arrested on marijuana charges. *Id.* The agency subsequently approved his inclusion in its "safe harbor" program, which allows an employee to avoid discipline if he admits the drug use, completes counseling, and refrains from further drug use. *Id.* However, in November 2013, the appellant underwent a urinalysis that tested positive for marijuana. ID at 2-3. As a result, the agency charged him with a positive drug test and proposed his removal. ID at 3. The deciding official sustained the action, effective April 2014, and this appeal followed. *Id.*

---

[2] The administrative judge dismissed the initial appeal without prejudice for automatic refiling at a later date to accommodate scheduling conflicts, resulting in the two docket numbers associated with this one matter. IAF, Tab 49, Initial Decision.

¶3     After holding the requested hearing, the administrative judge affirmed the appellant's removal.  ID at 1.  She found that the agency met its burden concerning proof of the charge, nexus, and penalty.  ID at 3-10, 18-20.  She further found that the appellant failed to prove his allegations of a due process violation or disability discrimination.  ID at 11-15.  Finally, the administrative judge concluded that the appellant failed to timely raise his harmful procedural error claim and, even if he had, the claim failed.  ID at 15-18.

¶4     The appellant has filed a petition for review, reasserting arguments concerning chain of custody for his drug test as well as harmful procedural error.  *Tinkle v. Department of Agriculture*, MSPB Docket No. DA-0752-14-0377-I-2, Petition for Review (PFR) File, Tab 1 at 8-23.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 5-6.

¶5     When an agency relies on a positive drug test to take an adverse action against an employee, the agency must prove by preponderant evidence that the test was valid.  *Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 11 (2016), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018).  To meet its burden, the agency must establish that the urine sample that tested positive was the appellant's by showing that the chain of custody of the sample was maintained and verifiable.  *Id.*  Any alleged violation of the agency's drug-testing procedures is reviewed under the harmful error standard.  *Id.*  Under this standard, reversal is only warranted if the appellant proves that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.  *Id.*

¶6     The appellant acknowledges a 20-year history of marijuana use up to and including his January 2013 arrest.  PFR File, Tab 1 at 5-6.  He also acknowledges that he previously had figured out a way to pass prior drug testing required by the agency, despite his marijuana use.  *Id.* at 6.  However, he denies using marijuana during the period leading up to his November 2013 drug test and disputes the

test's validity due to purported irregularities in the chain of custody. *Id.* at 6, 8-13.

¶7 The appellant asserts that he provided the urine sample at approximately 2:15 p.m., yet the agency's documentation suggests it was both collected and transferred to Quest Diagnostics Courier at 11:20 p.m. and the agency failed to account for the intervening hours. *Id.* at 9-11; Hearing Transcript (HT) at 202-04 (testimony of the appellant); IAF, Tab 27 at 24. He also asserts that while the agency's documentation indicates that his urine sample left the collection facility at 11:20 p.m. and arrived at the Quest Diagnostics Laboratory at 2:00 a.m., that span of time is insufficient to drive the distance between those locations and the agency failed to prove its method of transport. PFR File, Tab 1 at 11-12; IAF, Tab 27 at 24, 28. Next, he notes that the chain of custody log contains a signature from the receiving official at the Quest Diagnostics Laboratory, but does not contain a signature from the courier to that individual. PFR File, Tab 1 at 12-13; IAF, Tab 27 at 24-25. In addition, he acknowledges that the chain of custody documentation indicates that his urine sample arrived at the Quest Diagnostics Laboratory with the sealing label intact, but nevertheless suggests that the agency's evidence is deficient because there are no clear pictures showing the same. PFR File, Tab 1 at 13; IAF, Tab 27 at 24, 86-93. Finally, the appellant generally alleges that the agency failed to prove that the specimen tested was, in fact, the specimen he provided. PFR File, Tab 1 at 8-9.

¶8 We considered comparable allegations of irregularities in *Forte v. Department of the Navy*, 123 M.S.P.R. 124 (2016). In that case, the employee disputed his positive drug test on a number of bases, including allegations that the individual who collected his specimen forgot to have him initial the corresponding vials and called him back to do so after he already had left the room. *Id.*, ¶ 12. We concluded that the administrative judge should have considered that claim under the harmful error standard. *Id.*, ¶ 18. We further found that, standing alone, the alleged collection error did not require reversal of

the employee's suspension because he had not shown that the agency likely would have reached a conclusion different from the one it reached in the absence of that error. *Id.*, ¶ 19.[3] For the same reason, the appellant's arguments concerning chain of custody fail in the instant appeal.

¶9     Although the appellant has identified ways in which the chain of custody for his specimen could have been more clearly and elaborately documented, we agree with the administrative judge's conclusion that the agency met its burden of proving the positive drug test charge by preponderant evidence. ID at 3-5; *see* 5 C.F.R. § 1201.4(q) (defining preponderant evidence as that "degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue"). The agency presented extensive evidence showing, inter alia, that the appellant initialed his specimen in a sealed vial containing identifying numbers, qualified professionals analyzed the specimen marked with those initials and identifying numbers, and the specimen tested positive for marijuana use. *E.g.*, IAF, Tab 27 at 18-115. We further agree with the administrative judge's conclusion that even if the matters identified by the appellant amount to irregularities in the drug testing procedures, there is no indication that the agency would have likely reached a different conclusion in the absence of those

---

[3] In *Forte*, the Board ultimately found that the agency failed to prove its charge of illegal drug use because, inter alia, the appellant consistently denied the drug use, he produced a negative hair follicle test covering the same period as the agency's positive urine test, and the agency refused to provide the appellant with some of the urine sample for a DNA test to verify that, despite collection irregularities, it was the appellant's. *Forte*, 123 M.S.P.R. 124, ¶¶ 21-25. Here, the appellant also denied the alleged drug use and produced a negative hair follicle test. IAF, Tab 9 at 28-29. However, the administrative judge was not persuaded by these and other defenses, in part because the appellant declined the opportunity to retest his urine sample and his hair follicle test was conducted 3 months after his positive urine test. ID at 6-9; IAF, Tab 9 at 28-29, Tab 27 at 17; HT at 212-13 (testimony of the appellant). The appellant's petition for review does not contain any arguments concerning these matters, and we find no reason to disturb the administrative judge's well-reasoned findings.

purported irregularities. ID at 5-6; *see also Frank v. Department of Transportation*, [35 F.3d 1554](), 1557-58 (Fed. Cir. 1994) (finding that an agency's violation of its chain of custody procedures by leaving a specimen unattended did not harm or prejudice the employee because there was no evidence that any other person had access to the specimen during the short time it was left unattended); *Forte*, [123 M.S.P.R. 124](), ¶ 19.

¶10        The appellant's harmful procedural error arguments are similarly unavailing. PFR File, Tab 1 at 13-23. The administrative judge found the claim both untimely and without merit. ID at 15-18. We find that it is not necessary to address the merits of this affirmative defense because the argument was untimely, without good cause shown.

¶11        The Board's regulations provide that "[a]n appellant may raise a claim or defense not included in the appeal at any time before the end of the conference(s) held to define the issues in the case. An appellant may not raise a new claim or defense after that time, except for good cause shown." [5 C.F.R. § 1201.24]()(b). Accordingly, the administrative judge twice instructed the appellant to identify any and all defenses in his prehearing submissions, but the appellant's response included a general assertion of harmful procedural error without identifying what that error might be. *Compare* IAF, Tabs 13, 23, *with* IAF, Tab 28 at 4. Following the agency's motion to strike this unexplained harmful procedural error claim, the appellant asserted that he intended to preserve the argument in the event that hearing testimony provided a factual basis for that affirmative defense. IAF, Tab 39 at 5-6, Tab 40 at 8. Thereafter, the administrative judge issued an order summarizing a prehearing conference and defining the issues. IAF, Tab 44. The order did not identify harmful procedural error as a remaining claim. *Id.* Although the appellant objected, he indicated that he did not yet have any facts to support harmful procedural error. IAF, Tab 45 at 4-5.

¶12        The appellant first identified specific allegations of a harmful procedural error in closing arguments to his hearing. HT at 249-54 (the appellant's closing

argument). He alleged that the agency violated 49 C.F.R. § 382.121(b)(3) by prematurely ordering his return to safety-sensitive duties and requiring that he undergo the drug test underlying his removal, without proper certification by his drug counselor.[4] *Id.* at 251-52 (the appellant's closing argument). Through his representative, the appellant defended the untimeliness of this argument by asserting that he only learned of the nature and factual underpinnings of the alleged harmful procedural error after obtaining testimony from his drug counselor and the Drug Free Workplace Program Manager at the hearing. *Id.* at 251 (the appellant's closing argument); PFR File, Tab 1 at 20-22. However, both were the appellant's own witnesses. IAF, Tab 28 at 5, Tab 44 at 2. Moreover, as the appellant essentially concedes in his reply brief, sufficient information existed in the written record to timely identify this alleged harmful procedural error, even though the appellant failed to do so. PFR File, Tab 6 at 10. Among other things, the written record included documentation predating the agency's decision on the removal action, where both the appellant and his counselor asserted that he had not yet finished treatment when he was ordered to undergo the drug testing. IAF, Tab 9 at 16, Tab 10 at 7-8. Accordingly, we agree

---

[4] Section 382.121(b)(3) requires that "[a] qualified voluntary self-identification program . . . must permit the employee to return to safety sensitive duties only upon successful completion of an educational or treatment program, as determined by a drug and alcohol abuse evaluation expert, i.e., employee assistance professional, substance abuse professional, or qualified drug and alcohol counselor." 49 C.F.R. § 382.121(b)(3). According to the appellant and his drug counselor, he had not yet completed his treatment program because that program consisted of 12 weekly sessions with a psychologist followed by 12 monthly sessions with the drug counselor and he had undergone only the former, not the latter. *E.g.*, PFR File, Tab 1 at 14-15. The agency disagrees, arguing that his completion of the 12 weekly psychotherapy sessions satisfied his treatment program, the 12 monthly counseling sessions to follow amounted to aftercare that did not implicate section 382.121(b)(3), and the appellant's drug counselor was disingenuous in suggesting otherwise. PFR File, Tab 5 at 12-13 (referencing IAF, Tab 10 at 34-35, 37). The administrative judge found that this defense failed, even if it were timely, because there was no persuasive evidence that the aftercare was a barrier to the appellant's return to safety-sensitive duties and the drug testing. ID at 16-18.

with the administrative judge's conclusion that the information needed to develop this defense was within the appellant's control prior to the end of the conferences held to define the issues and he failed to provide good cause for delaying that development until the hearing itself.  ID at 16; *see Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (recognizing that an administrative judge has wide discretion to control the proceedings); *see also Nugent v. U.S. Postal Service*, 59 M.S.P.R. 444, 447-48 (1993) (finding that an administrative judge properly disallowed a claimed affirmative defense of alcoholism where the appellant failed to raise it until after the status conference defining the issues); *Roof v. Department of the Air Force*, 53 M.S.P.R. 653, 658 (1992) (finding that an administrative judge properly disallowed a disparate treatment affirmative defense asserted during the hearing because it was not previously raised in either the prehearing submissions or prehearing conference).  We will not address this untimely claim further.  *See Hansen v. Department of Homeland Security*, 911 F.3d 1362, 1369-70 (Fed. Cir. 2018) (declining to address a harmful procedural error claim not raised before the administrative judge in a case concerning a removal for a positive drug test).

¶13    Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for

                                              Jennifer Everling
                                              Acting Clerk of the Board
Washington, D.C.